SO ORDERED: April 28, 2014.



Robyn L. Moberly
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| GEORGE DOUGLAS ABRAMS ) | CASE NO.  13-12909-RLM-7A |
| ) | |
| Debtor ) | |

**ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER
OF ACCOUNTS RECEIVABLE**

This matter came before the Court for hearing on April 16, 2014 upon the Trustee's motion for turnover of accounts receivable held by the Debtor on date of filing of the petition.  Mr. Abrams ("Debtor") is an attorney who operates his business as a sole proprietorship.  It is undisputed that he bills clients, collects fees for his personal services, pays his bills as he sees fit, and the remainder is considered his income.  The amount and the frequency of payments or draws by the Debtor is erratic, no doubt depending upon who pays him and when.

The Debtor filed his objection to the motion and claimed the accounts receivable are protected by IC §24-4.5-5-105(2)(a) which limits wage garnishments to "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment to enforce the payment of one (1) or more judgments

1

against him may not exceed twenty-five percent (25%) of his disposable earnings for that week…."

Disposable earnings are defined by IC §24-4.5-5-105(1)(a) as "that part of the earnings of an individual, including wages, commissions, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld." Thus, the issue before the court is whether a self-employed person's accounts receivable constitute disposable earnings under our state's version of the Uniform Consumer Credit Code (UCCC).

"'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments under a pension or retirement program." IC § 24-4.5-1-301.5. The parties agree the accounts receivable are property of the estate under section 541 of the Bankruptcy Code.

If disposable means what is remaining after legally required deductions, then "disposable earnings" would include compensation payable for personal services reduced by legally required deductions. This court has previously addressed the issue of what constitutes disposable earnings in *In Re Radez,* 2009 WL 1404326 (Bankr. S. D. Ind., May 5, 2009). Citing *Fisher Body v Lincoln National Bank & Trust Co. of Fort Wayne,* 563 N.E.2d 149 (Ind. App. 1990) (lump sum severance payment), *Indiana Surgical Specialists v Griffin,* 867 N.E.2d 260 (Ind. App. 2007) (independent contractor receiving periodic payments), and *In Re Petitt,* 2009 WL 1012977 (Bankr. S.D. Ind., April 15, 2009) (bonus payment), this Court determined that regardless of the terms used in the statute, Indiana case law holds that the determinative factor in deciding whether a payment to the debtor constitutes disposable earnings is the periodic nature of the payments.

The Supreme Court of the United States has also addressed this issue in the context of the Consumer Credit Protection Act, after which our statute is patterned. In *Kokoszka v Belford,* 417 U.S. 642, 94 S.Ct. 2431 (1974) the Court held that the term "disposable earnings" is limited to "periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation." *Kokoszka* addressed whether a tax refund was disposable income, entitled to the 75% exemption

against attachment and garnishment.  If this were not the case, all self-employed persons would be protected from attachment or garnishment of any bank accounts or income at the statutory exemption of 75%.  It would permit any self-employed person to control and determine their disposable earnings by their own determination of what amount and when to bill customers, and what expenses are overhead and when they would be paid.

The Court is cognizant of the fact that the result might be different if the Debtor had incorporated his legal practice as a limited liability corporation or a professional corporation and paid himself periodic wages.  There are advantages and disadvantages to the varying structures for doing business and Debtor chose to be an unincorporated sole proprietorship.

The Trustee's motion for turnover is granted.

# # #

*Distribution:*
United States Trustee
Ellen K. Fujawa, Trustee
Darrell Dolan, Debtor's counsel
James T. Young, Trustee's counsel
Joseph L. Mulvey, Trustee's counsel